**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DUANE GEORGE,**
Address:
101 56th Street SE
Washington, DC 20019

    *Plaintiff*,

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,**
Address: Corporation Service Company
1156 15th Street NW, Suite 605
Washington, DC 20005,

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
Address: CT Corporation System
1015 15th Street NW, Suite 1000
Washington, DC 20005,

**TRANS UNION, LLC,**
Address: Corporation Service Company
1156 15th Street NW, Suite 605
Washington, DC 20005,

**NAVY FEDERAL CREDIT UNION,**
Address: Office of the President / CEO
820 Follin Lane SE
Vienna, VA 22180,

**DISCOVER BANK,**
Address: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808,

**CAPITAL ONE, N.A.,**
Address: CT Corporation System
1015 15th Street NW, Suite 1000
Washington, DC 20005,

**EXETER FINANCE LLC,**
Address: Corporation Service Company

**CASE NO. 1:26-cv-02523**

1156 15th Street NW, Suite 605
Washington, DC 20005,

**SANTANDER CONSUMER USA INC.,**
Address: CT Corporation System
1015 15th Street NW, Suite 1000
Washington, DC 20005,

**SPRING OAKS CAPITAL, LLC,**
Address: Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23219,

    *Defendants*.

**DEFENDANT NAVY FEDERAL CREDIT UNION'S NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Navy Federal Credit Union ("Defendant" or "Navy Federal"), by and through its counsel, hereby removes this civil action, pending in the Superior Court of the District of Columbia, Case No. 2026-CAB-003796 (the "State Court Action"), to the United States District Court for the District of Columbia. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Navy Federal removes this action to this Court, and in support thereof, states the following:

## I. BACKGROUND

1. Plaintiff Duane George ("Plaintiff") commenced the State Court Action by filing a Complaint in the Superior Court of the District of Columbia on June 2, 2026 (the "Complaint") against Navy Federal, Equifax Information Services, LLC, Experian Information Solutions, Inc., TransUnion LLC, Discover Bank, Capital One, N.A., Exeter Finance LLC, Santander Consumer USA, Inc., and Spring Oak Capital, LLC ("Defendants")

2

2.      The Complaint purports to assert claims under various federal statutes, including the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").  The Complaint further alleges violations of the D.C. Consumer Protection Procedures Act, D.C. Code §28-3901, *et seq.* ("DC CPPA"); the D.C. Debt Collection Law, D.C. Code § 28-3814, *et seq.* ("DCL"); and asserts a claim for defamation (collectively with the DC CPPA and DCL claims, the "State Claims").

3.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Navy Federal from the State Court Action are attached hereto as **Exhibit A**.  Upon information and belief, no other related process, pleadings, or orders have been served upon Navy Federal.

4.      Navy Federal was served with the Complaint on June 29, 2026. As a result, this Notice of Removal is timely pursuant to U.S.C. § 1446(b).

5.      All served Defendants consent to removal, and a Notice of Consent for each Defendant is attached as **Exhibit B**. Defendant Exeter Finance LLC has not been served, and thus, its consent to removal is not required.

6.      Navy Federal denies the allegations in the Complaint, denies that Plaintiff has stated any claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.

## II. <u>FEDERAL QUESTION JURISDICTION</u>

7.      This case is removable pursuant to 28 U.S.C. §§ 1331 and 1367.

8.      Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties,

or laws of the United States).

9.      The FCRA and FDCPA are federal statutes, and the basis of Plaintiff's claims is that Navy Federal committed violations of these statutes. Navy Federal's position is that it did not violate any federal or state law as it relates to Plaintiff.

10.     The parties' claims and defenses thus rest in part on an interpretation of 15 U.S.C. § 1681 *et seq.* (FCRA) and 15 U.S.C. § 1692 *et seq.* (FDCPA). Therefore, this case explicitly concerns federal law.

11.     Therefore, the Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 as the federal claims arise under this Court's original jurisdiction and are founded on a claim or right arising under the Constitution, treaties, or laws of the United States and are removable without regard to citizenship or residence of the parties.  *See* 28 U.S.C. § 1331.

12.     The Court likewise has supplemental jurisdiction over the causes of action for the claims under the State Claims pursuant to 28 U.S.C. § 1367.

13.     Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This provision constitutes "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

14.     Here, the State Claims form part of the same case or controversy as the federal FCRA and FDCPA claims that are subject to federal question jurisdiction. For example, Plaintiff alleges that Defendants violated the FCRA and FDCPA and that Defendants are liable as to the

State Claims in connection with their credit reporting and debt collection conduct. All of the claims at issue in the Complaint therefore arise from the same conduct.

15.    Accordingly, the Court has federal question jurisdiction over the FCRA and FDCPA claims pursuant to 28 U.S.C. § 1331, and it has supplemental jurisdiction over the State Claims under 28 U.S.C. § 1367.

### III. <u>VENUE</u>

16.    Venue is proper in this Court because this District encompasses the State Court, which is the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV. <u>NOTICE</u>

17.    Concurrent with the filing of this Notice, Navy Federal will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of the Superior Court of the District of Columbia, a copy of which is attached hereto as **Exhibit C**.

18.    Upon information and belief, the contents of Exhibit A and Exhibit C constitute the entire file of the action pending in the State Court as required pursuant to 28 U.S.C. §1446(a).

### V.    <u>RESERVATION OF RIGHTS</u>

19.    Navy Federal does not concede in any way that the allegations in the Complaint are properly raised or that the Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Navy Federal reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of the action Navy Federal requests the opportunity to present a brief and argument in support of its position that the case is removable.

20.    Navy Federal reserves all rights, including, but not limited to, defenses and objections as to Plaintiff's failure to state a claim upon which relief can be granted. The filing of this Notice is subject to, and without waiver of, any such defenses or objections.

Wherefore, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, Defendant Navy Federal Credit Union hereby removes this action to this Court.

Dated: July 20, 2026

By: */s/ Elizabeth M. Briones*
Mary C. Zinsner, D.C. Bar No. 430091
Elizabeth M. Briones, D.C. Bar No. 888324983
TROUTMAN PEPPER LOCKE  LLP
401 9th Steet NW, Suite 1000
Washington, DC 20004
Telephone: 202.274.1932
E-Mail: mary.zinsner@troutman.com
E-Mail: elizabeth.briones@troutman.com
*Counsel for Defendant Navy Federal Credit Union*

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 20th day of July, 2026, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, and sent, via U.S. Mail, to the following party.  Service of the foregoing was within the time prescribed by the Rules of the Court.

Duane George
101 56th Street SE
Washington, DC 20019
Plaintiff *Pro se*

By: */s/ Elizabeth M. Briones*
Elizabeth M. Briones, D.C. No. 888324983